DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Walter Gulley, appeals his conviction in the Summit County Court of Common Pleas for trafficking in cocaine. We affirm.
On October 28, 1998, Akron Police detectives staged a controlled drug purchase between a suspected supplier identified as "G Money" and Joe Mollis, a confidential informant. Prior to the buy, detectives searched Mr. Mollis, fitted him with a wire, and supplied him with $100.00 cash. Mr. Mollis paged G Money and, during a telephone conversation that followed, stated that he needed to purchase $100.00 worth of crack cocaine. Mr. Mollis arranged to meet G Money in Mason Park within fifteen minutes. As detectives monitored the wire, Mr. Mollis entered a gray Ford Fiesta and the vehicle drove away from the park. Within a few minutes, Mr. Mollis returned to the detectives' location, informed them that the buy had been successful, and produced a handful of crack cocaine.
Officers arrested G Money, later identified as the appellant, as he left the scene. At that time, the officers recovered the $100.00 in marked $20.00 bills that had been provided to Mr. Mollis and confiscated a bag that appeared to contain marijuana. On November 3, 1998, the appellant was indicted one count of trafficking in cocaine in violation of R.C. 2925.03(A), a felony of the fifth degree, and one count of possession of marijuana in violation of R.C. 2925.11(A), a minor misdemeanor. On April 23, 1999, following a jury trial, the appellant was convicted of trafficking in cocaine and sentenced to a prison term of eleven months.[1] The appellant timely appealed, raising one assignment of error.
Assignment of error
 THE GUILTY VERDICT ON COUNT ONE OF THE INDICTMENT WAS AGINAST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THE ESSENTIAL ELEMENTS OF TRAFFICKING IN COCAINE.
Although the appellant purports to argue that his conviction for trafficking in cocaine was against the manifest weight of the evidence, the substance of his argument is one of sufficiency, not weight. An evaluation of the weight of the evidence, however, is dispositive of both issues in this case.
We note, as an initial matter, that evaluations of the sufficiency of the evidence put forth by the state and the weight of the evidence adduced at trial are separate and legally distinct determinations. Crim.R. 29(A) provides:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense[.]
If the evidence is such that reasonable minds could differ as to whether the state has proven each element of the offense beyond a reasonable doubt, then the trial court may not grant a motion for acquittal. State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. The function of an appellate court on review is to assess the sufficiency of the evidence "to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In making this determination, a reviewing court must view the evidence in the light most favorable to the prosecution. Id.;State v. Feliciano (1996), 115 Ohio App.3d 646, 652.
While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion. State v. Thompkins (1997), 78 Ohio St.3d 380,390 (Cook, J., concurring). In making this determination, we do not view the evidence in the light most favorable to the prosecution. Instead, we must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. A new trial is warranted only in the exceptional case where the evidence weighs heavily in favor of the defendant. Id. at 340. "Becausesufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." State v. Roberts
(Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
The appellant was convicted of trafficking in cocaine in violation of R.C. 2925.03(A) and (C)(4), which prohibit any person from knowingly selling or offering to sell cocaine. The appellant has argued that contradictory statements by the witnesses and Mr. Mollis's low level of credibility render the conviction against the manifest weight of the evidence. We are not persuaded by these arguments.
At trial, Mr. Mollis testified that he met the appellant through a mutual acquaintance, Romona Scoggins, and that on October 26, 1998, he accompanied Ramona to purchase drugs from the appellant. He recalled that following the purchase, Ms. Scoggins was hospitalized with serious health complications resulting from her crack cocaine use. Mr. Mollis acknowledged that he had been a heavy crack cocaine user up to that time. He stated that his attempts to become drug free began when Ms. Scoggins was hospitalized and that he contacted narcotics Detective Allen Stump soon thereafter to offer assistance as a confidential informant.
Mr. Mollis recalled that on the day of the controlled buy, detectives "thoroughly searched" him, provided marked money, and placed a wire in his coat pocket. He testified that Detective Stump dialed the appellant's pager number on his cell phone then entered the number of a pay phone for the return call. At that time, Mr. Mollis also entered a three-digit code that would identify him to the appellant as a trusted crack cocaine purchaser. He stated that the appellant returned the page and agreed to meet Mr. Mollis in the driveway of a home on Exchange Street where he believed Mr. Mollis to be a resident.
According to Mr. Mollis's testimony, Detective Stump then transported him to the Mason Park area. When the appellant came into view in a gray Ford Fiesta, Mr. Mollis exited Detective Stump's vehicle and ran behind the Exchange Street home in order to create the appearance that he had come from the residence. He testified that after entering the appellant's car, he purchased $100.00 worth of crack cocaine while the appellant drove down Exchange Street to Black Street, made a U-turn at the intersection of Black and Johnston, and retraced his path. He recalled that the appellant pulled into the driveway of the home to let him out of the car, then drove away.
Numerous law enforcement personnel monitored the controlled buy by means of Mr. Mollis's wire, police radio, and visual contact with the subject. These officers confirmed the version of events as related by Mr. Mollis. After the transaction, Mr. Mollis rejoined Detective Stump and produced several unpackaged pieces of crack cocaine. The officers who searched the appellant and his vehicle subsequent to his arrest located the $100.00 in marked currency that had been provided to Mr. Mollis.
The appellant has argued that Mr. Mollis's concession that he was a convicted felon who had used cocaine in the days immediately prior to the controlled buy rendered his testimony worthless to the state. The appellant has maintained, specifically, that Mr. Mollis lied with respect to the extent of the search conducted by Detective Stump prior to the transaction; the location in which the appellant left him after the purchase; and the amount of cocaine, if any, that remained in the appellant's possession. While there are minor discrepancies between Mr. Mollis's testimony and that of the officers, we cannot say that the testimony diverges to such a degree as to create a miscarriage of justice. "[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony." State v. Gilliam
(Aug. 12, 1998), Lorain App. No. 97CA006757, unreported, at 4. In addition, the evaluation of the credibility of witnesses is a function reserved primarily for the trial court. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
This is not an exceptional case in which the weight of the evidence warrants a new trial. The appellant's assertion that the state did not produce sufficient evidence to support a conviction, therefore, is also without merit. See State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
The appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _______________________________ WILLIAM G. BATCHELDER
FOR THE COURT SLABY, J., WHITMORE, J. CONCUR.
[1] The trial court dismissed the second charge.